[Cite as *State v. Applegate*, 2026-Ohio-2145.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
### MARION COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

  v.

ANDREA APPLEGATE,

    DEFENDANT-APPELLANT.

CASE NO. 9-25-34

OPINION AND
JUDGMENT ENTRY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

  v.

ANDREA APPLEGATE,

    DEFENDANT-APPELLANT.

CASE NO. 9-25-35

OPINION AND
JUDGMENT ENTRY

Appeals from Marion County Common Pleas Court
Trial Court Nos. 2025-CR-0117 and 2025-CR-0318

Judgments Affirmed

Date of Decision: June 8, 2026

APPEARANCES:

    *William T. Cramer* for Appellant

    *Allison M. Kesler* for Appellee

**WILLAMOWSKI, J.**

{¶1} Defendant-appellant Andrea Applegate ("Applegate") brings this appeal from the judgments of the Court of Common Pleas of Marion County imposing a prison term for her convictions. Applegate claims on appeal that the record does not support the trial court court's determination that a prison term was appropriate and that the trial court erred in imposing consecutive sentences. For the reasons set forth below, the judgments are affirmed.

*Appellate Case Number 9-25-34*

{¶2} On March 19, 2025, the Marion County Grand Jury indicted Applegate on one count of aggravated possession of drugs in violation of R.C. 2925.11(A), (C)(1)(a), a felony of the fifth degree. This indictment was assigned case number 2025 CR 0117. Applegate entered a not guilty plea at arraignment. The trial court released Applegate on her own recognizance. Doc. 6. On April 16, 2025, the State alleged that Applegate had violated the terms of her bond by testing positive for an illegal drug on March 31, 2025, and by failing to report for a drug screening on April 8, 2025. A hearing was held on the violation and the trial court found there was a violation, but continued bond with additional conditions.

{¶3} On May 3, 2025, Applegate filed a motion for intervention in lieu of conviction. However, Applegate again failed a drug screen. As a result of the second violation of the bond conditions, bond was changed for own recognizance to $5,000 bond. On May 21, 2025, Applegate again failed a drug screen and also

did not complete the alcohol and drug assessment ordered by the trial court. Despite these violations of the bond conditions, Applegate's motion for intervention in lieu of conviction was granted on June 17, 2025.

{¶4} On August 18, 2025, the State filed notice of a violation of the terms of Applegate's intervention, alleging that on July 9, July 21, August 4, and August 5, Applegate did not comply with requested drug screens. Additionally the notice claimed that Applegate tested positive for multiple drugs on July 22, 2025, and that on August 10, 2025, Applegate was arrested for possession of a large quantity of illegal drugs. Hearings were held on the violations on August 21, October 20, and November 4. After the October 20, 2025 hearing, the State filed a memorandum of disposition requesting that intervention be terminated and Applegate be sentenced to a ten month prison term. The trial court found that Applegate had violated the terms of her intervention, accepted the guilty plea previously entered, and sentenced Applegate to an eight month prison term in this case.

*Appellate Case Number 9-25-35*

{¶5} On August 20, 2025, the Marion County Grand Jury indicted Applegate for aggravated possession of drugs in violation of R.C. 2925.11(A), (C)(1)(b), a felony of the third degree and possession of cocaine in violation of R.C. 2925.11(A), (C)(4)(a), a felony of the fifth degree. On October 20, 2025, Applegate entered a plea of guilty to the aggravated possession charge. The State then dismissed the remaining possession of cocaine charge. The State requested that the trial court

sentence Applegate to 24 months in prison. The trial court subsequently sentenced Applegate to 30 months in prison and ordered that this sentence be served consecutively to the sentence in appellate case number 9-25-34.

{¶6} Applegate appealed from these judgments and raised the following assignments of error on appeal.

### First Assignment of Error

**The record clearly and convincingly does not support the trial court's finding that the presumption in favor of prison under R.C. 2929.13(D) was not overcome.**

### Second Assignment of Error

**The record clearly and convincingly does not support the trial court's consecutive sentence findings under R.C. 2929.14(C)(4).**

{¶7} In the first assignment of error, Applegate claims that the trial court erred by imposing a prison sentence because the record does not support such. Applegate argues that the trial court erred because it sentenced her to prison rather than community control. Applegate was convicted of a felony of the fifth degree and a felony of the third degree. For the third degree felony violation of R.C. 2925.11, the trial court could sentence Applegate to a prison term of nine, twelve, eighteen, twenty-four, thirty, or thirty-six months. R.C. 2929.14(A)(3)(b). Additionally, the trial court could impose a sentence of six, seven, eight, nine, ten, eleven, or twelve months for the conviction of the fifth degree felony. R.C. 2929.14(A)(5). The trial court imposed a prison sentence of 30 months for the third

degree felony and 8 months for the fifth degree felony. Both of these sentences are within the statutory range. Further, because the third degree felony was a drug offense in violation of R.C. 2925, there was a presumption in favor of prison. R.C. 2929.13(D)(1). This presumption can be overcome if the trial court finds that community control sanctions would adequately punish the offender under the factors set forth in R.C. 2929.12 indicating a lesser likelihood of recidivism and community control would not demean the seriousness of the offense under the factors set forth in R.C. 2929.12. R.C. 2929.13(D)(2). Applegate's conviction for the fifth degree felony, which is not an offense of violence, carries a presumption of community control. R.C. 2929.13(B)(1). However, the trial court has the discretion to impose a prison term if any of the following apply:

(i) The offender committed the offense while having a firearm on or about the offender's person or under the offender's control.

(ii) If the offense is a qualifying assault offense, the offender caused serious physical harm to another person while committing the offense, and, if the offense is not a qualifying assault offense, the offender caused physical harm to another person while committing the offense.

(iii) The offender violated a term of the conditions of bond as set by the court.

(iv) The offense is a sex offense that is a fourth or fifth degree felony violation of any provision of Chapter 2907 of the Revised Code.

(v) In committing the offense, the offender attempted to cause or made an actual threat of physical harm to a person with a deadly weapon.

(vi) In committing the offense, the offender attempted to cause or made an actual threat of physical harm to a person, and the offender previously was convicted of an offense that caused physical harm to a person.

(vii) The offender held a public office or position of trust, and the offense related to that office or position; the offender's position obliged the offender to prevent the offense or to bring those committing it to justice; or the offender's professional reputation or position facilitated the offense or was likely to influence the future conduct of others.

(viii) The offender committed the offense for hire or as part of an organized criminal activity.

(ix) The offender at the time of the offense was serving, or the offender previously had served, a prison term.

**(x)** The offender committed the offense while under a community control sanction, while on probation, or while released from custody on a bond or personal recognizance.

R.C. 2929.13(B)(1)(b).

{¶8} A review of the record in this case shows that the trial court considered the purposes and principles of sentencing as set forth in R.C. 2929.11 as well as the sentencing factors set forth in R.C. 2929.12. The trial court then stated that in its opinion, Applegate was not amenable to community control sanctions. The trial court then made the following findings.

Court finds that you [Applegate] have continually violated your bond since its inception. Court finds that you have continually made misrepresentations to the Court. Court finds that you have continually refused to accept any responsibility for any of your actions. Court finds that you have specifically refused to acknowledge the need for treatment, or have any desire for treatment or rehabilitation. That you have engaged in continuing and ongoing drug usage, and apparently

have some connection or [sic] peripheral or direct, with drug trafficking while you're out on a case. You virtually followed no rule that we've applied, so Court's also gonna find that the 30 month sentence and the 8 month sentence should be served consecutively to each other.

Tr. 20-21. The findings of the trial court are supported by the record as there were repeated violations of bond and intervention in lieu of conviction, with the violations occurring over the entire span of the two cases. Thus, we do not find that the trial court erred in imposing a prison term rather than a community control sanction. The first assignment of error is overruled.

{¶9} Applegate alleges in her second assignment of error that the trial court erred by imposing consecutive sentences.

> If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
>
> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
>
> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

R.C. 2929.14(C)(4). Applegate does not deny that the trial court made the required findings. The trial court set forth its findings in the judgment entry as well as at the hearing.

Court finds that consecutive sentences are necessary to protect the public and to punish the offender. Court further finds that the consecutive sentences are not disproportionate to the seriousness of your conduct, and the danger you pose not only to others, but to yourself.

Court also finds that this offender has committed multiple offenses or has committed an offense while awaiting sentencing, CCS – which is community controlled sanctions. That you were on community control sanctions at the time you committed your second offense. Find that you've committed multiple bond violations while your cases were pending. Court also finds that your criminal history of conduct now demonstrates the necessity to protect the public from future crime by the offender.

Tr. 21. These findings were supported by the record. If the findings are supported by the record, consecutive sentences will not be reversed on appeal. *State v. Gwynne*, 2023-Ohio-3851. The second assignment of error is overruled.

{¶10} Having found no error prejudicial to the appellant in the particulars assigned and argued, the judgments of the Court of Common Pleas of Marion County are affirmed.

*Judgments Affirmed*

**ZIMMERMAN, P.J. and MILLER, J., concur.**

# **JUDGMENT ENTRY**

For the reasons stated in the opinion of this Court, the assignments of error are overruled and it is the judgment and order of this Court that the judgment of the trial court is affirmed with costs assessed to Appellant for which judgment is hereby rendered.  The causes are  hereby remanded to the trial court for execution of the judgment for costs.

It is further ordered that the Clerk of this Court certify a copy of this Court's judgment entry and opinion to the trial court as the mandate prescribed by App.R. 27; and serve a copy of this Court's judgment entry and opinion on each party to the proceedings and note the date of service in the docket.  See App.R. 30.

_____
John R. Willamowski, Judge

_____
William R. Zimmerman, Judge

_____
Juergen A. Waldick, Judge

DATED:
/hls